# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN B. N'JAI,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION, NANCY<br>A. BERRYHILL, SOCIAL SECURITY<br>ADMINISTRATION, MONROEVILLE<br>OFFICE, MRS. SIMONS, SIMMS, OR JANE<br>DOE, SS REPRESENTATIVE AT THE<br>MONROEVILLE SOCIAL SECURITY<br>OFFICE (in her personal and professional<br>capacities),<br><br>　　　　　Defendants. | Civil Action No. 18-1616<br>Judge Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 20th day of December, 2018, upon consideration of the Motion for Leave to Proceed In Forma Pauperis filed by pro se Plaintiff Jaquelyn B. N'Jai, (Docket No. [1]), and the accompanying Complaint,

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of pro se Plaintiff Jaquelyn B. N'Jai ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint curing all of the deficiencies outlined herein by **January 10, 2019**, the Clerk of Court shall mark this case CLOSED.

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that

1

"the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, pursuant to this statute, the Court must dismiss a case "if it lacks arguable merit in fact or law." *Stackhouse v. Crocker*, 266 F.App'x. 189 (2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

In this Court's estimation, each of the counts set forth in Plaintiff's Complaint are subject to dismissal for failure to state a claim. 28 U.S.C. § 1915(e)(2). Plaintiff asserts claims against the Commissioner of the Social Security Administration ("SSA"), its local Monroeville office, and an employee of that office, under the Freedom of Information Act, 5 U.S.C. § 552; seeks review of the agency's decisions under sections 405(g) and 205(c) of the Social Security Act,

among other subsections and regulations; and purports to enforce the Social Security regulations through various civil rights statutes. (*See* Docket No. 1-1). Plaintiff essentially seeks a Court order correcting certain of her earnings records maintained by SSA and directing the agency to permit her to retire early as she is allegedly eligible for same, having attained the age of 63. (*Id.*). Specifically, Plaintiff complains that her earnings record is erroneous as to several years between 1985-1990 when she worked as a public-school teacher for the New York Public Board of Education. (*Id.*). To this end, Plaintiff alleges that SSA's records erroneously state that she earned $0 in income while she was employed during 1987 and only $1,000 a year for other, unspecified years. (*Id.*). Plaintiff asserts that after she obtained records supporting her requested changes, she engaged in correspondence and other communications with employees at SSA's Monroeville office in July of 2017. (*Id.*). Plaintiff states that SSA representatives have refused to rely upon the proof she has submitted and instead have directed her to pay $400 to the IRS for additional records. (*Id.*). Plaintiff received revised earnings statements in September of 2017 but complains that the changes which were made did not fully address all of her concerns. (*Id.*). Plaintiff's subsequent communications have been to no avail as she has attempted to seek reconsideration and appeal the determination but has not been scheduled for a hearing before an ALJ and her appeal has not been ruled upon. (*Id.*). Plaintiff also sent various copies of this complaint to governmental offices earlier this year. (*Id.*). As she has not received a response, Plaintiff filed this lawsuit.[1]

---

[1] The Court notes that Plaintiff references a number of "Exhibits" throughout her Complaint but did not actually attach any exhibits to her submissions. (*See* Docket No. 1-1). The Court further adds that Plaintiff states that she used a number of SSA Forms as part of her submissions to SSA, all of which are designed for filing disability appeals. *See e.g.*, Form HA-501 (Request for Hearing By Administrative Law Judge).

With that background, the Court evaluates the deficiencies in the causes of action that Plaintiff has attempted to bring in this lawsuit and explains why each is subject to summary dismissal.

Initially, Plaintiff's FOIA claim at Count One must be dismissed because she has failed to plausibly allege that FOIA was violated under the facts set forth in her Complaint. To this end, the prevailing authority makes clear that when an individual applies to SSA for access to their own records or requests changes to such records, FOIA is inapplicable. *See e.g.*, 20 C.F.R. § 402.20(a) ("we will not handle your request under the FOIA and the regulations in this part to the extent it asks for detailed earnings statements under the Social Security program."); *Varad v. United States Dep't of the Treasury*, No. MC 18-91338-RGS, 2018 WL 3849861, at *1–2 (D. Mass. Aug. 13, 2018) (citing 20 C.F.R. § 402.15(b) ("Where an individual seeks her own records from the SSA, the request is treated as one under the Privacy Act, 5 U.S.C. § 552a."). Here, Plaintiff repeatedly states that she has attempted to access and/or correct her own earnings records maintained by SSA such that she has failed to state a claim for relief under FOIA against these Defendants. (*See* Docket No. 1-1). In addition, even if FOIA applied here, Plaintiff has failed to plausibly allege that she followed the appropriate procedures in making her request because she apparently provided it directly to the local Monroeville office rather than using the appropriate procedures outlined in the applicable regulations for making FOIA requests to SSA. *See Davis v. Soc. Sec. Admin*., No. CV PX-17-1356, 2018 WL 2321122, at *3 (D. Md. May 22, 2018), aff'd, 741 F. App'x 952 (4th Cir. 2018) ("To file properly with the SSA a FOIA request by mail, a requester must reasonably describe the requested record, identify the request as a FOIA request, mark the outside of the envelope as a FOIA request and mail the request to 'The Deputy Executive Director for the Office of Public Disclosure, Office of the General Counsel, SSA,

6401 Security Boulevard, Baltimore, MD 21235.' 20 C.F.R. §§ 402.130, 402.135."). Further, to the extent that Plaintiff has challenged any such determination by appealing within the agency, she admits that she has not received a decision on her appeal and thus has not exhausted her administrative remedies prior to filing her federal lawsuit. *See Conley v. Fed. Bureau of Investigation*, 714 F. App'x 191, 194 (3d Cir. 2017) (quoting *McDonnell v. United States*, 4 F.3d 1227, 1240, n.9 (3d Cir. 1993). ("Whether a requester has properly exhausted his administrative remedies under the FOIA is 'a prudential consideration that the court takes into account in determining whether to exercise subject matter jurisdiction.'").

To the extent that Count One is broadly construed as seeking relief under the Privacy Act, 5 U.S.C. § 552a, the claim is still subject to dismissal for failure to state a claim for a number of additional reasons. First, the Privacy Act authorizes suits against the agency itself and not against employees or officials of the agency such that her claims against the Commissioner, the Monroeville office, and Mrs. Simons, Simms or Jane Doe must be dismissed. *See Kates v. King*, 487 F. App'x 704, 706 (3d Cir. 2012) (citing 5 U.S.C. § 552a(g)(1)). Second, Plaintiff has not sufficiently alleged that she followed all of the applicable procedures in pursuit of her claim including submitting her appeal to the appropriate office listed in the regulations, i.e., the Executive Director for the Office of Public Disclosure in Baltimore, Maryland. *See Varad v. United States Dep't of the Treasury*, No. MC 18-91338-RGS, 2018 WL 3849861, at *1–2 (D. Mass. Aug. 13, 2018) (citing 20 C.F.R. § 401.70(c) and (d)). Instead, Plaintiff expressly states that she sent her appeals to either: the Monroeville office; the Chief Administrative Law Judge Office of Disability Adjudication and Review in Falls Church, VA; or the Committee on Oversight and Government Reform in Washington, D.C. (Docket No. 1-1). Third, Plaintiff admits that she has not received any response from her "appeal" and thus, has not exhausted her

5

administrative remedies under the Privacy Act such that the action must be dismissed as premature. *See e.g.*, Varad, 2018 WL 3849861, at *1–2 (dismissing Privacy Act claim as plaintiff failed to exhaust administrative remedies); Pollack v. Dep't of Justice, 49 F.3d 115, 117 (4th Cir. 1995) ("the Privacy Act contains no equivalent to FOIA's 'constructive exhaustion' provision which, as we point out in this opinion, enabled the district court to review his FOIA request."); Pellegrino v. U.S. Transp. Sec. Admin., 855 F. Supp. 2d 343, 366–67 (E.D. Pa. 2012), *aff'd sub nom.* Pellegrino v. United States Transportation Sec. Admin. , Div. of Dep't of Homeland Sec., 896 F.3d 207 (3d Cir. 2018) ("Where, as here, exhaustion of administrative remedies is statutorily mandated, the failure to exhaust administrative remedies deprives the district court of jurisdiction to hear the claim.").

Accordingly, Count One of Plaintiff's Complaint must be dismissed for failure to state a claim as she has failed to allege sufficient facts to plausibly allege a claim against Defendants under FOIA and/or the Privacy Act, making those claims subject to dismissal.

Next, Plaintiff's second, third and fourth causes of action at Counts Two through Four similarly fail to state plausible claims of relief because they each seek to invoke the procedures for filing disability appeals with the U.S. District Court which are also inapplicable to the facts of the instant matter. As this Court has previously recognized, "'[f]ederal court jurisdiction is expressly limited by § 205 of the Social Security Act,'" which is codified at 42 U.S.C. § 405(g), (h). Gorgas v. Astrue, No. CIV. 09-1341, 2010 WL 1854044, at *3 (W.D. Pa. May 3, 2010) (quoting Tobak v. Apfel, 195 F.3d 183, 186 (3d Cir.1999) (citing 42 U.S.C. § 405(g), (h)). Jurisdiction over disability appeals is "generally limited to final decisions made by the Commissioner after a hearing" before an ALJ. *Id*. at *3. Again, Plaintiff is seeking to access and/or correct her earnings records maintained by SSA and has not made a claim for disability

benefits or supplemental social security income. (*See* Docket No. 1-1). Rather, she admits that she has not even applied for retirement benefits at this time but has delayed making the claim while pursuing these corrections to her earnings records. (*Id.*). In any event, Plaintiff also concedes that she has yet to receive a final decision from the Commissioner on her purported appeals and repeatedly complains that she has yet to have a hearing before an ALJ. (*Id.*). All told, this Court plainly lacks jurisdiction over Counts Two, Three and Four pursuant to which Plaintiff seeks judicial review of the agency's actions under provisions authorizing disability appeals from final decisions of the Commissioner. *See* 42 U.S.C. § 405(g); *Zied v. Barnhart*, 418 F. App'x 109, 114 (3d Cir. 2011) ("Section 405(g) does not apply to Zied's Rehabilitation Act, Bivens, FOIA, and Privacy Act claims.").

Plaintiff has likewise failed to state a claim for relief against these Defendants in Count Five of her Complaint wherein she seeks to sue them pursuant to "Section 1983, 1985, 1986, 1991 (Under the Color of Social Security Insurance and other laws." (Docket No. 1-1 at 22-23). She seeks relief based upon the faulty assertion that the Defendants qualify as "state actors" when they are clearly federal employees (i.e., the Commissioner of Social Security and SSA representative Jane Doe, etc.), or a part of a federal agency (i.e., the Monroeville Office of SSA). In any event, Plaintiff's allegations are wholly conclusory as she has failed to point to any facts supporting these causes of action and similar claims of this type have been dismissed in her prior cases. *See e.g., N'Jai v. Floyd*, 2008 WL 618650, at *2 (W.D. Pa. Mar. 3, 2008) (dismissing claims under sections 1983, 1985, and 1986), *aff'd N'Jai v. Floyd*, 386 F. App'x 141 (3d Cir. 2010). Sovereign immunity would also bar claims against the agency, its divisions and any official capacity claims against individuals. *See e.g., Campbell v. Social Security Admin.*, 446 F. App'x 477 (3d Cir. 2011). Therefore, Count Five is also dismissed for failure to state a claim.

For all of these reasons, Plaintiff's Complaint is DISMISSED for failure to state a claim upon which relief may be granted. If an Amended Complaint curing the deficiencies outlined herein is not filed by **January 10, 2019**, the Clerk of Court will be directed to mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: Jaquelyn N'Jai
     P.O. Box 10133
     Pittsburgh, PA 15232
     (by regular first class mail)