IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN B. N'JAI,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOCIAL SECURITY ADMINISTRATION<br>COMMISSIONER, U.S. SOCIAL<br>SECURITY ADMINISTRATION (FTCA<br>ONLY),<br>　　　　　Defendants. | Civil Action No. 18-1616<br>Judge Nora Barry Fischer |

**MEMORANDUM OPINION**

I. INTRODUCTION

On December 20, 2018, this Court issued an Order granting pro se Plaintiff Jacquelyn B. N'Jai's motion to proceed in forma pauperis but dismissing her Complaint, without prejudice, for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). (Docket No. 2). Plaintiff was directed to file an Amended Complaint by January 10, 2019 curing all deficiencies identified by the Court in its Order. (*Id.*). This matter returns to the Court on an Amended Complaint filed by Plaintiff Jacquelyn B. N'Jai, various attachments thereto and her Brief in Support on January 4, 2019. (Docket Nos. 3; 4). After careful consideration of Plaintiff's submissions and for the following reasons, Plaintiff's Amended Complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

II. RELEVANT BACKGROUND

As is set forth in the prior Court Order, which is incorporated fully herein, this case arises from Plaintiff's attempts to have the Social Security Administration ("SSA") correct her earnings

statements for work that she allegedly performed during 1985-1990. (Docket No. 2). The Court construed Plaintiff's initial Complaint as raising claims under the Freedom of Information Act, the Privacy Act, § 405(g) of the Social Security Act, and various constitutional provisions. (*Id.*). The Court pointed out that Plaintiff referenced numerous exhibits throughout her initial Complaint but had not attached any documents and then found that Plaintiff had failed to exhaust her administrative remedies as to her FOIA and Privacy Act claims; that her claims were not cognizable under § 405(g) which is reserved for disability appeals; and that she failed to state constitutional claims. (*Id.*).

In her Amended Complaint, Plaintiff brings claims under FOIA, 5 U.S.C. § 552(a)(4)(B) (Count One); the Privacy Act, 5 U.S.C. § 552a(g)(1) (Count Two); procedural and substantive due process (Count Three); and the Federal Tort Claims Act, 28 U.S.C. § 2675(a) (Count Four). (Docket No. 3). She states that she is suing Social Security Administration Commissioner at Counts One through Three and the U.S. Social Security Administration only at Count Four. (*Id.*).

Plaintiff's exhibits demonstrate that she has engaged in significant correspondence and made other submissions to various offices of SSA. (*See* Pl. Exs. 1-29). Although she generally refers to her submissions to SSA as "appeals" and "complaints," they can be separated into two groups: complaints about quality of service issues at the Monroeville SSA office; and her request for correction of her earnings record.

First, Plaintiff lodged complaints about the staff at the Monroeville SSA office. (Pl Exs. 19; 21). These submissions were ultimately routed to the Office of the Regional Commission based in Philadelphia and SSA treated these submissions as complaints about quality of service issues, with SSA noting that they were sent to the wrong office and that the staff in Monroeville

are not ALJs. (Pl. Exs. 20; 23). Plaintiff also sent her "Civil Complaint for Judicial Review" to the Philadelphia Regional office in April of 2018 or eight months before she made some edits to this document and submitted it to this Court in December of 2018. (Pl. Ex. 24). Plaintiff later directed a letter dated June 25, 2018 to the Philadelphia Regional Office complaining about delays in receiving information from the Monroeville Office and the denial of her correction of earnings. (Pl. Ex. 26).

Second, and more pertinent here, Plaintiff contested her earnings records maintained by SSA for 1985-1990 when she worked for the New York City Public Board of Education. (Pl. Exs. 9; 11; 22). She initially attempted to obtain W2 forms from SSA to support her requested corrections but balked at paying $86 for each form. (Pl Exs. 3b; 4). She was also in contact with representatives of the State of New York regarding both a FICA refund claim that she believed she was entitled to and to obtain records of her employment during the relevant period. (Pl. Exs. 5-8). Plaintiff obtained some payroll records from the State of New York and submitted them to SSA in conjunction with a request for correction of earnings form that she filled out during 2017. (Pl. Ex. 9). SSA responded by correcting Plaintiff's earnings for 1986 but not 1985 nor 1987-1990. (Pl. Ex. 13). She was then sent updated versions of the earnings statement reflecting those changes. Plaintiff sought reconsideration on July 6, 2017, which was denied on February 28, 2018. (Pl. Exs. 11; 22). In the Reconsideration Determination, SSA concluded that Plaintiff's request for correction was untimely made beyond the statute of limitations of three years, three months and 15 days after the end of the years in question, i.e., 1985, 1987, 1988, 1989 and 1990.[1] (Pl. Ex. 22). SSA also noted that Plaintiff's earnings record was corrected for 1986

---

[1] Stated differently, Plaintiff had until March 15, 1993 to challenge the 1990 earnings statement; March 15, 1992 to challenge the 1989 earnings statement; March 15, 1991 to challenge the 1988 earnings statement; March 15, 1990 to challenge the 1987 earnings statement; and March 15, 1988 to challenge the 1985 earnings statement. But, Plaintiff did not fill out the correction of earnings form until 2017.

3

because there was an error in SSA's own records from that year such that the earnings which previously were credited to Plaintiff were re-posted. (*Id*.). SSA further found that Plaintiff's earnings record was subject to "administrative finality" because she had made a claim for disability insurance benefits on October 15, 2002 which was denied at the hearing level in 2003 but did not dispute her prior earnings record at that time. (*Id*.).

Plaintiff alleges that there were unexplained delays by SSA in forwarding this decision to her in the mail but she ultimately received it around April of 2018. (Docket No. 3). In correspondence from the Monroeville SSA Office dated April 5, 2018, Plaintiff was advised that the Reconsideration Determination was issued on February 28, 2018 and that "[t]he next step in your appeals process is a request for a hearing by [an] administrative law judge. Please complete the enclosed Request for Hearing (HA-501) form and return it. This request will be sent to the hearing office. We are unable to use the prior request for hearing because it was submitted before the reconsideration decision was made." (Pl. Ex. 25). Hence, Plaintiff was told that a request for a hearing was to be made to the Monroeville SSA office. Plaintiff claims that she made the request for a hearing but the two forms that she attached to her complaint are undated and do not reference the Reconsideration Determination. (Pl. Ex. 27). More recently, Plaintiff sent brief emails to [ssa.comments@ssa.gov](mailto:ssa.comments@ssa.gov) on November 29, 2018 and January 2, 2019 requesting updates on the status of her requests. (Pl. Ex. 29).

As for the requested relief, Plaintiff states that she is "not seeking monetary damages from the SSA except in the amounts of her benefits that she qualifies for" … "[s]he is … seeking … injunctive or some kind of declaratory or equitable relief, to compel the SSA to respond and a right to allow her the 3-prong due process (SSA appeal/review), as stipulated in the SSA Act, including a final determination by a Commissioner." (*Id*. at 17-18). At the same time, Plaintiff

4

acknowledges that she may need to complete the administrative process at the agency level through further exhaustion of her claims. (*Id*. at 18-19). She asks for the matter to be remanded to the Commissioner and/or to be dismissed, without prejudice. (Docket Nos. 3; 4).

III. LEGAL STANDARD

Section 1915(e)(2)(B) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, pursuant to this statute, the Court must dismiss a case "if it lacks arguable merit in fact or law." *Stackhouse v. Crocker*, 266 F.App'x. 189 (2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless

5

such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

IV. DISCUSSION

In her Amended Complaint, Plaintiff brings claims under FOIA (Count One); the Privacy Act (Count Two); Constitutional Due Process (Count Three); Federal Tort Claims Act (Count Four). For the following reasons, all of Plaintiff's claims are subject to dismissal for failure to state a claim.

Initially, Plaintiff agrees with the Court's analysis in its prior Order that she did not send her FOIA request to the appropriate office and thereby has not cured the defects identified by the Court, making the claim subject to dismissal. As the Court stated, Plaintiff has failed to plausibly allege that she followed the appropriate procedures in making her purported FOIA request because she apparently provided it directly to the local Monroeville office rather than using the appropriate procedures outlined in the applicable regulations for making FOIA requests to SSA. *See Davis v. Soc. Sec. Admin.*, No. CV PX-17-1356, 2018 WL 2321122, at *3 (D. Md. May 22, 2018), *aff'd*, 741 F. App'x 952 (4th Cir. 2018) ("To file properly with the SSA a FOIA request by mail, a requester must reasonably describe the requested record, identify the request as a FOIA request, mark the outside of the envelope as a FOIA request and mail the request to 'The Deputy Executive Director for the Office of Public Disclosure, Office of the General Counsel, SSA, 6401 Security Boulevard, Baltimore, MD 21235.' 20 C.F.R. §§ 402.130, 402.135."). Plaintiff states that she will resubmit her FOIA request to the appropriate office. (*See* Docket Nos. 3; 4). Accordingly, Plaintiff's FOIA claim at Count One is dismissed, without prejudice, to Plaintiff reasserting any such claim after she has exhausted the applicable administrative remedies.

Next, Plaintiff's allegations and her various exhibits demonstrate that she has not fully exhausted her Privacy Act claim, making such claim subject to dismissal as well.[2] (Docket Nos. 3; 4). To this end, Plaintiff submitted a "Request for Correction of Earnings Record" to SSA, which was partially granted, with her earnings record being changed for 1986 but denied as to 1985 and 1987-1990. (Pl. Exs. 9; 13). She sought reconsideration of this decision but such request was denied, for reasons set forth in a Reconsideration Determination dated February 28, 2018. (Pl. Ex. 22). While Plaintiff alleges that she did not receive this decision until April of 2018, she asserts that she followed the directives set forth in correspondence from SSA and submitted a request for a hearing before an administrative law judge on the form she was provided, HA-501.[3] (Pl. Exs. 25; 26).

Plaintiff admits that she has yet to have a hearing before an ALJ and, thus, she has not fully exhausted this claim pursuant to the process employed by SSA. (*See* Docket Nos. 3; 4). As this Court previously held, administrative exhaustion is a statutory prerequisite to a Privacy Act claim seeking to have an agency amend its records. *See Quinn v. Stone*, 978 F.2d 126, 137–38 (3d Cir. 1992) (holding that sections 552a(d)(2) and (3) "entail a requirement that the plaintiff exhaust her administrative remedies before she can take advantage of 5 U.S.C. §

---

[2] The Court notes that Plaintiff's Privacy Act claim also fails because she has once again sued the Social Security Administration Commissioner, despite this Court's holding that a Privacy Act claim must be brought directly against the Agency itself and not the Commissioner. (*See* Docket No. 2 at 3 (citing *Kates v. King*, 487 F. App'x 704, 706 (3d Cir. 2012) (citing 5 U.S.C. § 552a(g)(1)) ("the Privacy Act authorizes suits against the agency itself and not against employees or officials of the agency such that her claims against the Commissioner […] must be dismissed."). Although this defect could be cured via another amendment or substitution of parties, the claim must be dismissed, without prejudice, due to Plaintiff's failure to exhaust administrative remedies for reasons stated herein.

[3] The Court notes that the correspondence from SSA dated April 5, 2018 advised Plaintiff that "[t]he next step in your appeals process is a request for a hearing by administrative law judge. Please complete the enclosed Request for a Hearing (HA-501) form and return it. This request will be sent to the hearing office. We are unable to use the prior request for hearing because it was submitted before the reconsideration decision was made." (Pl. Ex. 25). The Court liberally construes Plaintiff's Amended Complaint as alleging that she submitted the request for a hearing form after she received this letter and reconsideration decision but the form attached to her Amended Complaint is undated, making it unclear when it was submitted to SSA. However, if Plaintiff did not actually follow the instructions to fill out a new HA-501 Form and submit it, formally requesting a hearing before an ALJ to contest the Reconsideration Determination, her claim would still be dismissed due to her failure to exhaust administrative remedies.

552a(g)(2)(A)."). There is also no "constructive exhaustion" provision in the Privacy Act which would permit the Court to hear her claim seeking to correct her earnings record prior to the completion of the administrative process. *See Pollack v. Dep't of Justice*, 49 F.3d 115, 117 (4th Cir. 1995) ("the Privacy Act contains no equivalent to FOIA's 'constructive exhaustion' provision which, as we point out in this opinion, enabled the district court to review his FOIA request."); *Lee v. U.S. Dept. of Justice*, 235 F.R.D. 274, 284, n.5 (W.D. Pa. 2006) ("There is no such "constructive" exhaustion of administrative remedies under the [Privacy Act.]"). Although Plaintiff suggests that the Court remand her case to the SSA, with instructions that she be provided a hearing before an ALJ, the appropriate disposition is dismissal of the claim, without prejudice, to be reasserted upon the exhaustion of administrative remedies. *Pellegrino v. U.S. Transp. Sec. Admin.*, 855 F. Supp. 2d 343, 366–67 (E.D. Pa. 2012), *aff'd sub nom. Pellegrino v. United States Transportation Sec. Admin., Div. of Dep't of Homeland Sec.*, 896 F.3d 207 (3d Cir. 2018) ("Where, as here, exhaustion of administrative remedies is statutorily mandated, the failure to exhaust administrative remedies deprives the district court of jurisdiction to hear the claim."). Hence, the Privacy Act claim will be dismissed as well.

Moving on, to the extent that Plaintiff's claims under the Privacy Act, Due Process Clause or the FTCA seek damages "in the amount of her benefits that she qualifies for," against the Commissioner or SSA, all such claims are barred by 42 U.S.C. § 405(h) and sovereign immunity. As the Court of Appeals has explained,

> [section 405(h)] provides that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 133 or 1346 of Title 28 to recover on any claim arising under" Subchapter II of the Social Security Act, which provides for the payment of Social Security benefits. 42 U.S.C. § 405(h). *See Weinberger v. Salfi*, 422 U.S. 749, 760–61, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Fanning v. United States*, 346 F.3d 386, 392–95 (3d Cir.2003). The

> Supreme Court has broadly construed this provision to bar claims, even if they might be said to arise under other laws as well, when the plaintiff seeks to recover Social Security benefits and the Social Security Act "provides both the standing and the substantive basis" for the claims. *Weinberger*, 422 U.S. at 760–61, 95 S.Ct. 2457. *See also Schweiker v. Chilicky*, 487 U.S. 412, 424, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) (refusing to imply cause of action "for remedies in money damages against [Social Security] officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits").

*Agcaoili v. Thayer*, 365 F. App'x 372, 374–75 (3d Cir. 2010); *Cassell v. The Social Security ADM*, 677 F.App'x 98, 99 (3d Cir. 2017) (citing 42 U.S.C. § 405(h) ("the District Court correctly determined that, to the extent the complaint sought damages under the Federal Tort Claims Act ("FTCA") for injuries sustained as a result of the SSA's decision, the agency was not subject to suit under the FTCA."). Plaintiff's FTCA claim is also subject to dismissal because she has not named the United States as a Defendant and failed to demonstrate that she exhausted administrative remedies, as required under the statute. *See e.g., Campbell v. Social Security Administration*, 446 F. App'x 477, 482 (3d Cir. 2011); *Abuhouran v. Social Sec. Admin.*, 291 F. App'x 469, 472 (3d Cir. 2008). Finally, insofar as Plaintiff attempts to bring a due process claim for injunctive relief challenging the delays in the administrative proceedings, even assuming that Plaintiff has a cognizable property right in having her earnings corrected, (without having even applied for retirement benefits), the delays encountered here do not amount to a constitutional violation. *See Ritter v. Cohen*, 797 F.2d 119, 124 (3d Cir. 1986) ("the mere allegation of a projected twenty-month delay by an agency, although hardly to be encouraged as a matter of administrative practice, does not state a constitutional violation."). Therefore, Plaintiff's constitutional and FTCA claims must be dismissed, with prejudice.

Finally, it appears to the Court that granting Plaintiff leave to amend her complaint a second time would be futile because she was unable to cure the defects in her FOIA and Privacy

Act claims set forth in her initial Complaint and demonstrate to the Court that she has exhausted administrative remedies. *Phillips*, 515 F.3d at 245. Plaintiff's FOIA and Privacy Act claims will be dismissed, without prejudice, to Plaintiff reasserting her claims after she has fully exhausted them. Plaintiff's constitutional and FTCA claims are clearly precluded by § 405(h) and the authority outlined herein such that leave to amend must be denied and the claims will be dismissed, with prejudice. *Id.*

V. CONCLUSION

Based on the foregoing, Plaintiff's Amended Complaint is dismissed. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: February 15, 2019

cc: Jaquelyn N'Jai
 P.O. Box 10133
 Pittsburgh, PA 15232
 (by regular first class mail)